IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES BRADLEY COOK                                                    PETITIONER

v.                                                                                          No. 1:19CV94-MPM-RP

WARDEN ERIC D. WILSON                                          RESPONDENT

**ORDER GRANTING RESPONDENT'S MOTION [10]
FOR CHANGE OF VENUE**

This matter comes before the court on the motion [10] by the respondent for a change of venue. The petitioner, James Bradley Cook (Cook), register number 16310-042 is a Federal Bureau of Prisons inmate incarcerated at the Federal Medical Center in Fort Worth, Texas (FMC Fort Worth), located in the federal judicial district of Northern District of Texas. Docket 1, p. 1. Mr. Cook filed this 28 U.S.C. § 2241 petition for a writ of *habeas corpus* challenging the manner in which is federal sentence is carried out or executed. Docket 1, pp. 2, 4-5. Mr. Cook alleges that BOP calculated his federal sentence incorrectly, and he requests prior custody credit be applied to his federal sentence. *Id*.

The judicial district of incarceration of a prisoner or his custodian is the only district that has jurisdiction to resolve a prisoner's § 2241 petition challenging the manner in which his sentence is executed. *Lee v. Wetzel*, 244 F.3d 370, 373 (5th Cir. 2001); *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999)(§ 2241 must be filed with the district where petitioner is incarcerated); *Story v. Collins*, 920 F.2d 1247, 1251 (5th Cir. 1991)(district court must have jurisdiction over federal prisoner or his custodian to invoke the jurisdictional basis of § 2241); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973)(petition for habeas corpus properly filed under § 2241 attacks the manner in which a

sentence is carried out and must be filed in the district with jurisdiction over the prisoner or his custodian).

Mr. Cook filed a § 2241 petition solely challenging the manner in which his federal sentence is carried out ("challenging BOP's computation of sentence . . . not challenging validity of conviction," Docket 1, p. 5). As such, he has filed this § 2241 petition in the wrong judicial district. He is currently incarcerated at FMC Forth Worth; his custodian is the warden there. Both parties are located in the Northern District of Texas. The venue is not proper for this court, the Northern District of Mississippi, to resolve Mr. Cook's petition.

As such, the Respondent's motion [10] is **GRANTED**, and the Clerk of the Court is **DIRECTED** to **TRANSFER** this case to Northern District of Texas – the proper venue for a resolution of this case on the merits.

**SO ORDERED**, this, the 2nd day of April, 2020.

/s/ MICHAEL P. MILLS
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI